*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ZEBEDEE ALFONSO GREEN,

        Defendant-Appellant.

UNPUBLISHED
May 07, 2026
9:19 AM

No.   373067
St. Clair Circuit Court
LC Nos.  19-002027-FC; 19-
          002028-FC

Before:  BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

On remand from the Michigan Supreme Court,[1] defendant, Zebedee Alfonso Green, appeals by leave granted the trial court's order denying his motion for restoration of his appellate rights under MCR 6.428.  We affirm.

## I.  BASIC FACTS AND PROCEDURAL HISTORY

On January 13, 2020, Green pleaded guilty to armed robbery,[2] MCL 750.529, in two different lower court files.[3]  On April 13, 2020, Green was sentenced to a term of 20 to 30 years' incarceration for his armed robbery convictions in both files, with the judgments of sentence entered on April 20, 2020.  At the time of Green's plea and sentencing, he was represented by attorney David Steingold.  On April 27, 2020, Green requested the appointment of an attorney to represent him in connection with filing an application for leave to appeal his conviction and

---

[1] See *People v Green*, 25 NW3d 839 (Mich, 2025).

[2] It appears that defendant's plea agreement in LC No. 19-002028-FC may have also included a guilty plea to unlawful imprisonment.  However, the trial court's opinion only mentioned the two plea-based convictions for armed robbery.

[3] LC No. 19-002027-FC and LC No. 19-002028-FC.

sentence. The trial court appointed attorney Ian Kierpaul to represent Green on May 4, 2020. However, no appeal was ever filed.

Approximately four years later, on April 29, 2024, Green moved pro se for the restoration of his appellate rights under MCR 6.428, asserting that Steingold failed to file his application for leave to appeal. Green further contended that he retained an attorney, Roy Richards, to file an application for leave to appeal, and that Richards likewise failed to do so. The prosecution responded to Green's motion, recognizing that Steingold did not file an appeal for Green, but neither admitting nor denying the reasons underlying the lack of an appeal. Additionally, the prosecution neither admitted nor denied that Green retained "Ray E. Richards" to file an appeal for him, asserting that proof supporting such a claim was uncorroborated, unsupported, and lacking credibility. Green did not argue that Kierpaul, the attorney who had been appointed to represent him in any appellate proceedings, neglected to take the requisite action to file an application for leave to appeal.

The trial court issued a written order denying defendant's motion opining, in pertinent part:

Defendant has provided no evidence that the scope of Mr. Steingold's representation included pursuing an appeal. A review of the Court's file appears to indicate that it did not as, within 3 weeks of his sentencing, Defendant asked the Court appoint counsel to represent him in connection with an appeal.

With respect to attorney Richards, Defendant has provided no retainer agreement establishing that Mr. Richards ever agreed to represent him. Mr. Richards never appeared in either case. Defendant has therefore presented no evidence to support his claim that he hired Mr. Richards to represent him in appeal proceedings and that Mr. Richards failed to do so.

Defendant has presented no evidence that supports his request for relief under MCR 6.428. His motion is DENIED.

Green then filed an untimely motion for reconsideration and argued that Kierpaul, the attorney who was appointed to represent him in any appellate proceedings, abandoned his case. Green further submitted a new offer of proof that he retained Richards to file his appeal in the form of a J-Pay letter. The presented letter, however, is largely illegible, and appears to be on a letterhead from "Richards & Associates, P.L.L.C." Green additionally requested a *Ginther*[4] hearing. On July 16, 2024, the trial court entered an order denying Green's motion for reconsideration because it was untimely. This appeal followed.

---

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

## II. ANALYSIS

Green argues that the trial court abused its discretion when it denied his motion to restore his appellate rights under MCR 6.428. We disagree.

This Court reviews for an abuse of discretion the trial court's ruling on a motion to restore appellate rights. *People v Byars*, 346 Mich App 554, 563; 13 NW3d 328 (2023). Any findings of fact are reviewed for clear error. *Id*. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Abcumby-Blair*, 335 Mich App 210, 227-228; 966 NW2d 437 (2020). An abuse of discretion exists when the trial court selects an outcome that does not fall within the range of reasonable and principled outcomes. *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). Interpretation of a court rule is reviewed de novo. *Id*.

A motion for restoration of appellate rights is governed by MCR 6.428, which provides in pertinent part:

> If the defendant, whether convicted by plea or at trial, was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control, the trial court shall issue an order restarting the time in which to file an appeal or request counsel. [MCR 6.428.]

The defendant bears the burden of demonstrating entitlement to relief under MCR 6.428. *Byars* 346 Mich App 554 at 569. A defendant may meet this burden by demonstrating one of the following:

> (1) errors by the defendant's previous appellate counsel denied him appellate review or the appointment of appellate counsel, or (2) errors by the lower court denied him appellate review or the appointment of appellate counsel, or (3) some other factors that were outside defendant's control caused him the denial of appellate review or the appointment of appellate counsel. [*Id*. at 568-569.]

Even if, as transpired in the present case, appellate counsel was appointed for Green, "the defendant could still be denied the right to appellate review if appellate counsel or the court commits an error, or other factors outside the defendant's control result in denial of appellate review. *Id* at 570.

On appeal,[5] Green asserts that Kierpaul, who was appointed after his sentencing, should have filed an appeal and that his appellate rights should be restored because Kierpaul neglected to

---

[5] When Green was before the trial court, he contended that Steingold was responsible for filing his appeal, and Green did not advance an argument regarding Kierpaul. It is unclear why Green has changed his assertion concerning who was responsible for filing an application for leave to appeal from his judgment of sentence. Regardless, Green has not provided any proof that he in fact asked either attorney to pursue an application for leave to appeal back in 2020.

file an application for leave to appeal. However, Green has not presented any evidence that he asked Kierpaul to pursue an application for leave to appeal after the entry of his judgments of sentence. As recognized by the trial court, Green contended that he retained Richards to seek the appeal. On this record, Green did not demonstrate any errors or omissions by Kierpaul that barred him from filing an appeal. Because Green bears the burden of showing entitlement to relief, see *Byars*, 346 Mich App at 568, the trial court did not abuse its discretion by declining his claim.

Regarding Richards, the trial court properly determined that Green failed to provide proof that there was ever an attorney-client relationship between him and Richards. Green did not present such evidence with his motion for restoration of his appellate rights, and there was no proof of a notice of appearance or a motion to substitute counsel. In his untimely motion for reconsideration, Green provided the J-Pay letter. But the letter was largely illegible, except for a few, irrelevant words that do not demonstrate an attorney-client relationship. Further, the date that the letter was received by Green was April 5, 2023, which is significantly after the deadline passed for Green to file an application for leave to appeal from his 2020 judgments of sentence. The record does not support Green's contention that Richards was responsible for filing an application or that Green even took the necessary steps for Richards to file an application for leave to appeal on his behalf.

We note that Green attached to his delayed application a document that purports to be an affidavit. But the document is neither signed by Green nor notarized. In the document, Green avers that he requested that counsel be appointed for him following the entry of his judgments of sentence, and that no action was taken by Kierpaul. Green does not assert that he asked Kierpaul to file an application for leave to appeal from the judgments, rather, he contends that he informed Kierpaul that he intended to retain Richards and that Kierpaul's services were not needed. Further, Green does not declare that he asked either attorney to pursue an application for leave to appeal. The putative affidavit is inconsequential. First, the affidavit is neither signed nor notarized, so it is not a valid affidavit. See *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 120; 839 NW2d 223 (2013). Second, the document, even to the extent it is considered, does not establish that Green requested either attorney to file an application for leave to appeal.

Ultimately, Green bore the burden to demonstrate that an error by counsel denied him appellate review. During the lower court proceedings, Green took the position that Steingold, the attorney who negotiated his plea deal, was responsible for filing an application for leave to appeal. The trial court properly determined that there was no evidence that the scope of Steingold's representation included an appeal, particularly when Kierpaul was appointed to represent Green on appeal. Green failed to substantiate that Kierpaul committed an act or omission that denied him appellate review, as Green has contended that he told Kierpaul that Richards would be responsible for an application for leave to appeal. While it may have been advisable for Kierpaul to withdraw from the representation or to secure a motion to substitute counsel upon being informed that another attorney would be handling the application— and there is no evidence that this occurred— the record does not demonstrate that Green asked Kierpaul to pursue an appeal, or that Kierpaul was responsible for the lack of appellate review. Lastly, Green did not substantiate his contentions that he ever retained the services of Richards, whom he purportedly wanted to file an application for leave to appeal. Accordingly, Green's lack of an appeal was the product of his own actions, and not the fault of counsel or some factor outside of defendant's control. See *People v Tardy*,

348 Mich App 500, 515; 19 NW3d 164 (2023) (discussing what a defendant must demonstrate to be entitled to relief under MCR 6.428).

Affirmed.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle